## Case No. 11,490.

### In re QUACKENBOSS.

[Betts' Scr. Bk. 105.]

Circuit Court, S. D. New York. Nov. 28. 1842.[1]

PREFERENCE MADE IN ANTICIPATION OF PASSAGE OF BANKRUPT LAW OF 1841.

[Mere knowledge of the possibility or probability that a bankrupt law would be enacted, and the making of a preference with such knowledge in the year 1840, does not bar a discharge under the act of 1841 (5 Stat. 440), unless the preference was made with a view to getting the benefit of the act.]

[Appeal from the district court of the United States for the Southern district of New York.

[In the matter of John Quackenboss, a bankrupt, of the firm of Griggs, Quackenboss & Day, the bankrupt's application for a discharge was denied. Case No. 11,489. Applicant appeals.]

Mulock & Selden, for petitioner.

H. Nicoll, for creditors.

Before THOMPSON, Circuit Justice.

In this case the petitioner had been opposed by Wm. B. Bend and other creditors, on the grounds (1) that some time during 1840 he had, in contemplation of the passage of the bankrupt law, preferred certain creditors; (2) that he had so done since January, 1841; and there were other objections of similar import, which the creditors aver debarred the petitioner from obtaining his discharge, unless a majority of his creditors assented thereto. The matter was referred to a commissioner to take evidence therein, which was done, and reported to the court, and it appeared that in November and December, 1840, the petitioner had not only given preference to a certain class of creditors, termed "confidential creditors," but had declared that his house would proceed to arrange their affairs, sell their stock of goods at auction to protect some confidential creditors, then make an assignment, and await the passage of the bankrupt law. In opposition to this, evidence was offered of repeated declarations by the bankrupt in the fall of 1840, that he did not believe a bankrupt law would pass, of his having signed a memorial against it, and was generally opposed to the measure proposed, because it was not compulsory in its character. It was further in evidence before the commissioner that in

January, 1841, a conveyance was made to some creditors in part payment of their debts, of a house and lot in Buffalo, and in the same month various cash payments were made to other creditors of the firm, and in February a full assignment of the effects of the house was made for the benefit of all the creditors.

Under these proofs the case came before Judge BETTS, who in an able and elaborate opinion decided that the bankrupt had made preferences in contemplation of the passage of the bankrupt act, and his discharge and certificate was refused especially on that ground, Judge BETTS deciding also that the payment made in January, 1841, would bar his receiving such discharge, whether in contemplation of the passage of the act or not, there being no assent of his creditors to a discharge. From this decision the bankrupt appealed, and the case was adjourned to the circuit court, where it came up yesterday before a jury, Judge THOMPSON presiding.

The evidence before the jury was nearly similar to that taken before the commissioner, there being nothing to vary in any material point the aspect of the case as presented to Judge BETTS. The bankrupt insisted that Judge BETTS had erred in his interpretation of the second section of the act, in both the particulars in which it applied to this case: First. That in supposing that "in contemplation of the passage of a bankrupt law" does not apply to both of the periods of time referred to in the prior clause of the sentence, that is, subsequent, as well as prior, to the 1st January, 1841. Second. In supposing that the word "contemplation" means merely knowledge or information that congress was deliberating or acting, or was about to deliberate or act, upon a bankrupt bill, which in some form or other might or might not become a law. Contemplation means that the bankrupt had in view the passage of the act, and gave preferences in consequence.

Judge THOMPSON differed with Judge BETTS upon the first point taken by the bankrupt, but concurred with him on the second of the act. He did not think it sufficient for the bankrupt to have knowledge of the probability or the possibility that the law would pass. The act of preference must have been made with some inducement. It must be done with some view to derive the benefit of the law. With reference to the acts of the bankrupt to January, 1841, it was for the jury to say if they were in contemplation of the passage of the law, under the construction given to the second section. If they believed the evidence on the subject of the declarations of the bankrupt in November and December, 1840, they must find that he had the intention then of availing himself of the benefit of the law.

The jury rendered a verdict for the credi-

---

[1] [Affirming Case No. 11,489.]

tors, thus deciding that the bankrupt should not receive a discharge and certificate.

In the matter of John Quackenboss, a bankrupt. This was an appeal in bankruptcy, under the 4th section of the bankrupt law, from an order of Judge BETTS, denying the bankrupt his certificate. The bankrupt elected to have his case tried by a jury. The certificate was denied below, on the ground that he made preferences after the 1st of January, 1841.

THOMPSON, Circuit Justice (charging jury). (1) That if, in contemplation of the passage of a bankrupt law, the bankrupt preferred any of his creditors by payments previous to the 1st of January, 1841, then he was barred from obtaining his certificate. (2) That by the mere fact of preference after the 1st January, 1841, he was in like manner barred of his certificate, whether he contemplated the passage of a bankrupt law or not.

The jury found that the bankrupt was not entitled to his discharge.